IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

C. EDWARD MOORE,

        Plaintiff,                    CV-09-793-ST

      v.                                ORDER AND OPINION TO
                                           DISMISS WITHOUT PREJUDICE

GEORGE AND CAROL LANGLOIS, A/O
TILLAMOOK APARTMENTS, INC.; and CITY
OF TILLAMOOK,

        Defendants.

STEWART, Magistrate Judge:

      Plaintiff, C. Edward Moore ("Moore"), filed this matter *pro se* on July 10, 2009. The cover page of the Complaint lists Moore as sole plaintiff and names as defendants the City of Tillamook ("City") and Moore's former landlords, George and Carol Langlois, who apparently own and operate the Tillamook Apartments, Inc., as well as a lounge which is located below the apartments. The Complaint is 21 handwritten and typed pages, mostly narrative in format, and

1 - OPINION AND ORDER

appears to complain about three specific issues involving the terms of the lease between Moore and the Langloises.

## **FACTUAL BACKGROUND**

Moore leased an apartment located on Pacific Street in Tillamook, Oregon, from the Langloises on May 8, 2007. Some time prior to Moore's execution of the lease, the City posted signs which prohibit parking during normal business hours on the block of Pacific Street where the apartment is located. Complaint, pp. 2, 13. The lease in turn prohibited the parking of a vehicle in excess of 15 minutes on either side of the block of Pacific Street where the apartment was located. Complaint, Appendix, Lease, Clause 17.M. The lease also set a rental rate of $420.00 per month, required a security deposit of $595.00, and allowed two adults to live in the apartment despite the fact that only Moore lived there. *Id*, Clauses 3 (rental rate of $420 per month), 4 (rental based upon occupancy by two adults), and 12 (security deposit of $595).

At some point during his tenancy, Moore was involved in two physical confrontations with Mr. Langlois, one involving a dispute over whether Moore could park his camper truck on the block of Pacific Street where the apartment was located. Complaint, pp. 7-8. Moore asserts that Mr. Langlois's sole interest in having him move his camper truck was to preserve the parking spaces on the street for customers of the downstairs lounge also operated by Mr. Langlois. *Id*, p. 8.

The other confrontation involved a dispute between Moore and Mr. Langlois in which Mr. Langlois accused Moore of overfilling his bathtub and causing water to run into the gaming area of the lounge below. Complaint, p. 8.

On July 11, 2008, Moore received a notice that the rent of all tenants in the Tillamook Apartments would be raised by $35.00 per month, effective September 1, 2008. Complaint, p. 5 and Appendix, p. 1. Despite the fact that the increase was premised upon "the high cost of utilities," Moore was provided no documentation of the need for the increase. *Id*, pp. 6, 16. After receiving the notice, Moore attempted to bargain with Mr. Langlois to reduce the increase by about half. Complaint, p. 10. Mr. Langlois reportedly told Moore "I don't deal." *Id* at 6.

Although the Complaint does not allege that Moore moved out of the apartment owned by the Langloises, it does allege that the Langloises confiscated his security deposit. Complaint, p. 1.

## CLAIMS

The pleadings center on Moore's assertions that: (1) tenants of the Tillamook Apartments should be allowed to park their vehicles on the block of Pacific Street on which the apartment is located despite the City prohibition of such parking; (2) the rental increase of which Moore received notice in July 2008, effective September 2008, was not justified by any increase in energy costs; and (3) the amount of Moore's security deposit was unreasonable because he alone occupied the apartment but the lease stated that the rental rate was premised upon occupancy by two adults.

Based on these three assertions, Moore purports to bring a constitutional claim for a violation of the due process clause of the Fourteenth Amendment, as well as a host of state law claims including claims for negligence, fraud, conversion, larceny by trick, conspiracy, duress, and misrepresentation. He also cites provisions of the Uniform Commercial Code without specifying how those provisions either provide a basis for relief or provide a legal theory to

3 - OPINION AND ORDER

support his claims.  As a consequence of defendants actions of unilaterally increasing his rental rate, refusing to let him park on the block of Pacific Street where his apartment was located and/or issuing and enforcing parking tickets for such parking, and setting a security deposit that was too high and premised upon two rather than one tenant, Moore seeks $2.25 million.  Complaint, p. 17.

## **STANDARDS**

Federal Civil Procedure Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See Cal. Diversified Promotions, Inc. v. Musick,* 505 F2d 278, 280 (9th Cir 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction") (citing cases).  Federal courts, as courts of limited jurisdiction, are presumptively without jurisdiction over civil cases, and the burden of establishing the contrary rests upon the party asserting jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 US 375, 377 (1994).  A court should dismiss a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) if the complaint does not "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly,* 550 US 544, 555 (2007) (citation and footnote omitted).

In cases involving a plaintiff proceeding *pro se,* the court construes the pleadings liberally and affords the plaintiff the benefit of any doubt.  *Karim-Panahi v. Los Angeles Police Dept.,* 839 F2d 621, 623 (9th Cir 1988); *see also Ferdik v. Bonzelet,* 963 F2d 1258, 1261 (9th Cir) ("[F]ederal courts . . . liberally construe the 'inartful pleading' of pro se litigants."), *cert denied*, 506 US 915 (1992).  In other words, courts hold *pro se* pleadings to a less stringent standard than those drafted by lawyers.  *Haines v. Kerner,* 404 US 519, 520 (1972).  In addition,

a *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Karim-Panahi,* 839 F2d at 623-24.

## DISCUSSION

### I. Jurisdictional Requirements

Federal courts are courts of limited jurisdiction and cannot hear every dispute presented by litigants. *Stock West, Inc. v. Confederated Tribes of the Colville Reservation,* 873 F2d 1221, 1225 (9th Cir 1989). A federal district court is empowered to hear only those cases that are within the judicial power conferred by the United States Constitution and those that fall within the area of jurisdiction granted by Congress. *Richardson v. United States*, 943 F2d 1107, 1112-13 (9th Cir 1991), *cert denied*, 503 US 936 (1992). Original jurisdiction must be based either on a claim involving the Constitution, laws, or treaties of the United States, 28 USC § 1331, or on diversity of citizenship, which applies to suits with more than $75,000 in controversy between citizens of different states, 28 USC § 1332. The court has a continuing duty to dismiss an action whenever it appears that the court lacks subject matter jurisdiction. FRCP 12(h)(3); *Billingsley v. Comm'r of the IRS,* 868 F2d 1081, 1085 (9th Cir 1989).

This court appears to lack subject matter jurisdiction based on the facts alleged in Moore's complaint.

### II. Diversity Jurisdiction

Although Moore's complaint contains a prayer for an award of $2.25 million, it does not specify the citizenship of any of the parties. However, Moore gives an Oregon address, the individual defendants operate businesses in Oregon, and the remaining defendant is an Oregon

5 - OPINION AND ORDER

municipality. In short, the complaint contains no information about the citizenship of the various defendants that would allow the court to conclude it has diversity jurisdiction, and all indications from the pleadings are that each party is an Oregon citizen for purposes of diversity jurisdiction. Thus, this court discerns no basis on which it may exercise jurisdiction based on diversity of citizenship and amount in controversy under 28 USC § 1332.

### III. Federal Question Jurisdiction

Two possible bases of federal question jurisdiction appear in the pleadings. However, closer examination of the pleadings reveal that jurisdiction is lacking.

#### A. Condominium and Cooperative Abuse Relief Act of 1980

First, Moore cites a single provision of the Condominium and Cooperative Abuse Relief Act of 1980, 15 USC §§ 3601-3616 (1982). That provision allows cooperative and condominium unit owners meeting certain threshold requirements to bring an action seeking a judicial determination that a lease or portions thereof were unconscionable at the time they were made. 15 USC § 3608. However, Moore's pleadings refute any possibility of a claim under that provision. The provision applies to cooperative and condominium unit "owners," not to apartment tenants. Moreover, the lease in question must have been "entered into prior to June 4, 1975." 15 USC § 3608(a)(6). Moore's lease was executed "[o]n or about" May 8, 2007, or some thirty years too late. Complaint, p. 2. Thus, Moore may not premise jurisdiction on a request for a judicial determination of unconscionability under 15 USC § 3608.

#### B. Fourteenth Amendment Due Process Clause

The only other possible basis of federal question jurisdiction appearing in the pleadings is Moore's contention that defendants' actions violated the due process clause of the Fourteenth

6 - OPINION AND ORDER

Amendment. This allegation appears to allege a claim under 42 USC § 1983 centered on the parking issue.

A claim under § 1983 requires the plaintiff to "'both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Lone Star Sec. & Video Inc. v. City of Los Angeles*, 2009 WL 1978740 *3 (9th Cir July 10, 2009), quoting *Anderson v. Warner*, 451 F3d 1063, 1067 (9th Cir 2006). While not a model of clarity, the thrust of Moore's pleadings is that the City and the Langloises are in cahoots, based on the proximity of City Hall to the Tillamook Apartments and the "physical overlap in Time" between the City's prohibition (in the form of street signs) and the Langlois' prohibition (in the form of lease terms) of parking cars on that block of Pacific Street. Complaint, p. 14. Moore asserts that the net effect of the City/Langlois conspiracy is a prohibition aimed at protecting the landlords who operate commercial businesses in that area by reserving parking for potential customers, instead of for those individuals who live in the apartments above the businesses. Complaint, pp. 13-14. According to Moore, in entering into this conspiracy, both the City and the Langloises have violated their "duty to leave him alone." Complaint, p. 15.

### 1. **Failure to Allege Deprivation of a Protected Liberty or Property Interest**

Moore has not met the most basic pleading requirements for stating a jurisdictional basis for this claim. The Fourteenth Amendment protects against the deprivation of life, liberty, or property interests without due process of law. A threshold requirement of any such claim is the identification of the asserted liberty or property interest. Moore appears to assert either that he (among other tenants) was deprived of a liberty interest in parking in close proximity to his

7 - OPINION AND ORDER

apartment or deprived of a property interest by means of unjustified fines due to the issuance of parking tickets.  Complaint, p. 3 (noting intent to argue that "all Parking Tickets are criminally illegal" and that the City's role as both the issuer of parking tickets and the entity that collects any fines on those tickets is a "clear violation" of the Fourteenth Amendment's prohibition against "A Man Being A Judge in His Own Case") and 13 (noting benefit to landlords due to "guaranteed parking for these shopkeepers' customers").  However, Moore does not dispute that the parking ordinance pursuant to which the City placed signs prohibiting parking was valid.  Moreover, state law makes it an "offense to be the registered owner of a motor vehicle parked in violation of a city ordinance." ORS 221.277.  Thus, Moore can claim no legitimate liberty interest in parking anywhere he chooses on Pacific Street.

Moore also asserts that he was deprived of property by being required to pay municipal parking fines for parking tickets issued to him as a result of parking in the block of Pacific Street next to his apartment.  In order to assert a protected property interest, Moore must show that he has a legitimate claim of entitlement to a benefit, and not merely "an abstract need or desire" or "unilateral expectation of it." *Bd. of Regents of State Colleges v. Roth*, 408 US 564, 577 (1972).  The difficulty here is that Moore has completely failed to allege any lack of necessary procedures in assessing any such fines.  The mere fact that a municipality issues citations and orders the payment of fines for violation of city ordinances does not raise a constitutional issue.  Nevertheless, Moore contends that it is a clear due process violation for the entity that enacts the parking ordinance to collect fines based on a violation of that ordinance.  Complaint, pp. 3-4.  However, "[w]hen a person has been convicted of a crime [or offense], the court generally may impose 'whatever punishment is authorized by statute for his offense, so long as that penalty is

8 - OPINION AND ORDER

not cruel and unusual, and so long as the penalty is not based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment.'" *United States v. Trimble*, 487 F3d 752, 754 (9th Cir 2007), quoting *Chapman v. United States*, 500 US 453, 465 (1991). Thus, Moore's contention that the City imposed parking fines against him, standing alone, does not implicate constitutional concerns.

### 2. Failure to Allege Actions Taken Under Color of State Law

Moore has also failed to allege that defendants acted under color of state law. The City is a municipal entity that may be held liable as a state actor. However, Moore has not alleged that the City took any action other than to enact and enforce its parking ordinances against him. As explained above, that is an insufficient allegation to assert the deprivation of a liberty or property interest. That leaves the individual defendants, George and Carol Langlois. The Langloises are individual parties who apparently operate several businesses in Astoria, Oregon. For purposes of § 1983, "private parties are not generally acting under color of state law." *Price v. Hawaii*, 939 F2d 702, 707-08 (9th Cir 1991). While "a claim may lie against a private party who is a willful participant in joint action with the State or its agents," a "bare allegation of such joint action" will not suffice to avoid dismissal. *Dietrich v. John Ascuaga's Nugget*, 548 F3d 892, 900 (9th Cir 2008). Here, Moore has made only the most conclusory of assertions about the "conspiracy" between the Langloises and the City. He has wholly failed to allege facts tending to show that the Langloises were acting under color of state law or authority. *See DeGrassi v. City of Glendora*, 207 F3d 636, 647 (9th Cir 2000).

For these reasons, this court lacks subject matter jurisdiction over Moore's complaint.

## II. Dismissal Without Prejudice

A court generally court should grant a *pro se* plaintiff leave to amend a complaint to cure its deficiencies. Thus, the court will allow Moore to submit an amended complaint in order to: (1) state a basis for this court's jurisdiction, whether based on a federal law or constitutional provision or on diversity of citizenship with an amount in controversy greater than $75,000; (2) set forth one or more specific legally cognizable claims upon which relief may be granted; and (3) specify the relief he seeks for each of his claims.

## ORDER

The Complaint is DISMISSED WITHOUT PREJUDICE, and Moore is given leave to file an amended complaint, curing the deficiencies noted above, within thirty (30) days of the date of this Order. If Moore fails to file such an amended complaint, this case will be dismissed with prejudice.

DATED this 13th day of July, 2009.

/s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge