IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

C. EDWARD MOORE,

        Plaintiff,                      CV-09-793-ST

      v.                                 FINDINGS AND
                                                RECOMMENDATION
GEORGE AND CAROL LANGLOIS, A/O
TILLAMOOK APARTMENTS, INC.; and CITY
OF TILLAMOOK,

        Defendants.

STEWART, Magistrate Judge:

      Plaintiff, C. Edward Moore ("Moore"), appearing *pro se*, filed a 21 page handwritten Complaint on July 10, 2009, against the City of Tillamook ("City") and Moore's former landlords, George and Carol Langlois, who apparently own and operate the Tillamook Apartments, Inc., as well as a lounge which is located below the apartments. On July 13, 2009, this Court dismissed the Complaint without prejudice and allowed Moore leave to file an amended complaint in order to: (1) state a basis for this court's jurisdiction, whether based on a federal law or constitutional provision or on diversity of citizenship with an amount in

1 - FINDINGS AND RECOMMENDATION

controversy greater than $75,000; (2) set forth one or more specific legally cognizable claims upon which relief may be granted; and (3) specify the relief he seeks for each of his claims (docket #4).

Moore filed his Amended Complaint on August 18, 2009 (docket #7), alleging federal constitutional violations as the basis for this court's jurisdiction. However, for the reasons set forth below, this case should be dismissed with prejudice for lack of subject matter jurisdiction and failure to state a claim.

## FACTUAL BACKGROUND

The facts underlying the claims alleged in the Amended Complaint can be found in the more lengthy original Complaint.

In that Complaint, Moore alleges that he leased an apartment located on Pacific Street in Tillamook, Oregon, from the Langloises on May 8, 2007. Some time prior to Moore's execution of the lease, the City posted signs which prohibit parking during normal business hours on the block of Pacific Street where the apartment is located. Complaint, pp. 2, 13. The lease in turn prohibited the parking of a vehicle in excess of 15 minutes on either side of the block of Pacific Street where the apartment was located. *Id*, Appendix, Lease, Clause 17.M. The lease also set a rental rate of $420.00 per month, required a security deposit of $595.00, and allowed two adults to live in the apartment despite the fact that only Moore lived there. *Id*, Clauses 3 (rental rate of $420.00 per month), 4 (rental based upon occupancy by two adults), and 12 (security deposit of $595.00).

At some point during his tenancy, Moore was involved in two physical confrontations with Mr. Langlois, one involving a dispute over whether Moore could park his camper truck on

the block of Pacific Street where the apartment was located. Complaint, pp. 7-8. Moore asserts that Mr. Langlois's sole interest in having him move his camper truck was to preserve the parking spaces on the street for customers of the downstairs lounge also operated by Mr. Langlois. *Id*, p. 8.

The other confrontation involved a dispute between Moore and Mr. Langlois in which Mr. Langlois accused Moore of overfilling his bathtub and causing water to run into the gaming area of the lounge below. *Id*.

On July 11, 2008, Moore received a notice that the rent of all tenants in the Tillamook Apartments would be raised by $35.00 per month, effective September 1, 2008. *Id*, p. 5, and Appendix, p. 1. Despite the fact that the increase was premised upon "the high cost of utilities," Moore was provided no documentation of the need for the increase. *Id*, pp. 6, 16. After receiving the notice, Moore attempted to bargain with Mr. Langlois to reduce the increase by about half. *Id*, p. 10. Mr. Langlois reportedly told Moore "I don't deal." *Id*, p. 6.

Although the Complaint does not allege that Moore moved out of the apartment owned by the Langloises, it does allege that the Langloises confiscated his security deposit. *Id*, p. 1.

## CLAIMS

In his Amended Complaint, Moore alleges that he was denied his due process rights under the Fourteenth Amendment to the United States Constitution for two "takings:" (1) the amount of his security deposit was unreasonable because he alone occupied the apartment but the lease stated that the rental rate was premised upon occupancy by two adults; and (2) the rental increase in July 2008, effective September 2008, was not justified by any increase in energy costs. Amended Complaint, pp. 1-2. He also alleges a violation of his liberty interest

3 - FINDINGS AND RECOMMENDATION

and a denial of equal protection because tenants of the Tillamook Apartments are not allowed to park their vehicles during the daytime on the block of Pacific Street on which the apartment is located. *Id*, pp. 3-4.

For his "causes of action," Moore alleges that his lease is unconscionable and signed under duress, referencing provisions of the Uniform Commercial Code, as well as the First, Ninth and Tenth Amendments, without specifying how those provisions either provide a basis for relief or provide a legal theory to support his claims. *Id*, pp. 3-5. He also alleges a cause of action based on a conspiracy. *Id*, p. 6.

Attached to the Amended Complaint after the signature line are a number of other pages. Two of those pages state additional bases of jurisdiction and claims, including state law claims for "tort, esp. [*sic*] misrepresentation, fraud, etc.," trespass to chattels, the Uniform Residential Landlord and Tenant Act, contract law, and "confiscation by fraud and trick of money."[1] *Id*, pp. 9-10. As a consequence of defendants unilaterally increasing his rental rate, refusing to let him park on the block of Pacific Street where his apartment was located and/or issuing and enforcing parking tickets for such parking, and setting a security deposit that was too high and premised upon two rather than one tenant, Moore seeks $750,000 from each defendant as punitive damages, $500,000 from the Langloises, and $250,000 from the City of Tillamook. *Id*, p. 10.

## **STANDARDS**

---

[1] Moore no longer relies on the Condominium and Cooperative Abuse Relief Act of 1980, 15 USC §§ 3601-3616 (1982). Amended Complaint, p. 7.

4 - FINDINGS AND RECOMMENDATION

Federal Civil Procedure Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See Cal. Diversified Promotions, Inc. v. Musick,* 505 F2d 278, 280 (9th Cir 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction") (citing cases). Federal courts, as courts of limited jurisdiction, are presumptively without jurisdiction over civil cases, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 US 375, 377 (1994).

Furthermore, a court should dismiss a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) if the complaint does not "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly,* 550 US 544, 555 (2007).

In cases involving a plaintiff proceeding *pro se,* the court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dept.,* 839 F2d 621, 623 (9th Cir 1988); *see also Ferdik v. Bonzelet,* 963 F2d 1258, 1261 (9th Cir) ("[F]ederal courts . . . liberally construe the 'inartful pleading' of pro se litigants."), *cert denied,* 506 US 915 (1992). In other words, courts hold *pro se* pleadings to a less stringent standard than those drafted by lawyers. *Haines v. Kerner,* 404 US 519, 520 (1972) (*per curiam*). In addition, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Karim-Panahi,* 839 F2d at 623-24.

///

5 - FINDINGS AND RECOMMENDATION

**FINDINGS**

I. **Jurisdictional Requirements**

Federal courts are courts of limited jurisdiction and cannot hear every dispute presented by litigants. *Stock West, Inc. v. Confederated Tribes of the Colville Reservation,* 873 F2d 1221, 1225 (9th Cir 1989). A federal district court is empowered to hear only those cases that are within the judicial power conferred by the United States Constitution and those that fall within the area of jurisdiction granted by Congress. *Richardson v. United States*, 943 F2d 1107, 1112-13 (9th Cir 1991), *cert denied*, 503 US 936 (1992). Original jurisdiction must be based either on a claim involving the Constitution, laws, or treaties of the United States, 28 USC § 1331, or on diversity of citizenship, 28 USC § 1332, which applies to suits with more than $75,000 in controversy between citizens of different states. The court has a continuing duty to dismiss an action whenever it appears that the court lacks subject matter jurisdiction. FRCP 12(h)(3); *Billingsley v. Comm'r of the IRS,* 868 F2d 1081, 1085 (9th Cir 1989).

II. **Federal Question Jurisdiction**

In the original Complaint, it was not clear if Moore sought jurisdiction based on diveristy of citizenship between the parties which appeared to be lacking. The Amended Complaint clarifies that Moore is relying solely on federal question jurisdiction under 28 USC § 1331 based on several alleged constitutional violations. However, closer examination of the pleadings reveal that jurisdiction is lacking for failure to allege a cognizable federal claim.

A plaintiff can seek damages for a violation of his constitutional rights only in accordance with 42 USC § 1983 which provides in relevant part as follows:

> *Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia,* subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. (Emphasis added).

A claim under § 1983 requires the plaintiff to "'both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Lone Star Sec. & Video Inc. v. City of Los Angeles*, 572 F3d 685, 692 (9th Cir 2009), quoting *Anderson v. Warner*, 451 F3d 1063, 1067 (9th Cir 2006).

### A. Failure to Allege Deprivation of Constitutional Right

#### 1. Fourteenth Amendment Liberty Interest

Moore alleges a violation of due process under the Fourteenth Amendment based on defendants "taking" an unusually large security deposit and a rent increase based on energy costs.

The Fourteenth Amendment protects against the deprivation of life, liberty, or property interests without due process of law. A threshold requirement of any such claim is the identification of the asserted liberty or property interest. In order to assert a protected property interest, Moore must show that he has a legitimate claim of entitlement to a benefit, and not merely "an abstract need or desire" or "unilateral expectation of it." *Bd. of Regents of State Colleges v. Roth*, 408 US 564, 577 (1972).

7 - FINDINGS AND RECOMMENDATION

Taking Moore's money for an unjustified security deposit and rent increase may qualify as violating a protected property interest. However, the parking issue involves no protected property or liberty interest.

Recognizing that the parking issue "is not directly concerned with money," Moore alleges that it violates his liberty interest. In his original Complaint, Moore does not dispute that the parking ordinance pursuant to which the City placed signs prohibiting parking was valid. Moreover, state law makes it an "offense to be the registered owner of a motor vehicle parked in violation of a city ordinance." ORS 221.277. Thus, Moore can claim no legitimate liberty interest in parking anywhere he chooses on Pacific Street.

Furthermore, the mere fact that a municipality issues citations and orders the payment of fines for violation of city ordinances does not raise a constitutional issue. Nevertheless, Moore contends that it is a clear due process violation for the entity that enacts the parking ordinance to collect fines based on a violation of that ordinance. Complaint, pp. 3-4. However, "[w]hen a person has been convicted of a crime, including a traffic offense, the court generally may impose 'whatever punishment is authorized by statute for his offense, so long as that penalty is not cruel and unusual, and so long as the penalty is not based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment.'" *United States v. Trimble*, 487 F3d 752, 754 (9th Cir 2007), quoting *Chapman v. United States*, 500 US 453, 465 (1991). Thus, Moore's contention that the City imposed parking fines against him, standing alone, does not implicate any constitutional concerns.

///

///

8 - FINDINGS AND RECOMMENDATION

### 2. Equal Protection

Moore alleges that barring apartment residents from parking on the block where the Tillamook Apartments are located during the daytime is a denial of equal protection. Moore's equal protection claim is apparently grounded on the premise that it is constitutionally impermissible to treat apartment residents such as Moore differently than commercial customers who do not live in the area. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deprive any person within its jurisdiction of the equal protection of the laws."

When a state action neither impinges on a fundamental right guaranteed by the Constitution nor uses a classification based on a suspect criterion such as race, nationality, alienage, or gender, the action generally will be found to violate the Equal Protection Clause only if it has no rational basis. *Fields v. Legacy Health Sys.*, 413 F3d 943, 955 (9th Cir 2005). Under the "rational basis test," a state action will be sustained if it is rationally related to a legitimate governmental purpose. *Id*. Only those legislative classifications which are "wholly irrational" will violate equal protection. *Id* (citation omitted). The party challenging the legislation "bears the burden of negating every conceivable basis which might support the legislative classification, whether or not the basis has a foundation in the record. *Id*. Moore simply cannot meet that burden.

First, it is not entirely clear whether the City's parking ordinance prohibits any parking at all during normal business hours or whether it only disallows parking by those that live nearby. Assuming the ordinance flatly prohibits parking during certain hours, then it does not treat similarly situated individuals differently and raises no equal protection issues whatsoever. If, on

9 - FINDINGS AND RECOMMENDATION

the other hand, the ordinance treats nearby apartment residents less favorably than transient customers of the commercial businesses in the area, then Moore's claim nevertheless fails.  It is perfectly legitimate for a city to encourage commercial businesses to locate in certain areas by making parking available for potential customers during normal business hours.  Simply put, there is a rational relationship between the parking ordinance and the City's desire to encourage commercial businesses.  What is really at the heart of Moore's equal protection claim is his opinion that residents of nearby residential units should be given preferential treatment and granted priority in using scarce parking resources.  Whatever the merits of that view, it is not a right guaranteed by the Equal Protection Clause.

### 3.  Ninth Amendment

The Amended Complaint makes a couple of passing references to the Ninth Amendment. The Ninth Amendment states that "the enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."  It has been argued that the Ninth Amendment protects rights not enunciated in the first eight amendments.  *See Griswold v. Connecticut,* 381 US 479, 493 n7 (1965) (Goldberg, J., concurring); *Wise v. Bravo,* 666 F2d 1328, 1332 (10th Cir 1981).  However, the Ninth Amendment does not independently create a constitutional right for purposes of stating a claim.  *Schowengerdt v. United States,* 944 F2d 483, 490 (9th Cir 1991), *cert denied*, 503 US 951 (1992) (citation omitted).  It is "*not* a source of rights as such; it is simply a rule about how to read the Constitution." *San Diego County Gun Rights Comm. v. Reno,* 98 F3d 1121, 1125 (9th Cir 1996), quoting Laurence H. Tribe, *American Constitutional Law* 776 n. 14 (2d ed. 1988) (emphasis in original).  Therefore, Moore cannot claim a violation of any right under the Ninth Amendment.

### 4. Tenth Amendment

The Amended Complaint also makes passing references to the Tenth Amendment. The Tenth Amendment provides that: "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively or to the people." Moore misapprehends the scope and purpose of the Tenth Amendment.

The Tenth Amendment confirms "that the power of the Federal Government is subject to limits that may, in a given instance, reserve power to the States." *New York v. United States,* 505 US 144, 157 (1992). It encompasses "any implied constitutional limitation on Congress' authority to regulate state activities, whether grounded in the Tenth Amendment itself or in principles of federalism derived generally from the Constitution." *South Carolina v. Baker,* 485 US 505, 511 n4 (1988). Thus, it is the power of the federal government which is constrained by the Tenth Amendment, not the power of the states. Moore cannot base a section 1983 claim on the Tenth Amendment "because it is neither a source of federal authority nor a fount of individual constitutional rights." *Stone v. City of Prescott,* 173 F3d 1172, 1174 -75 (9th Cir), *cert denied*, 528 US 870 (1999).

### 5. First Amendment

The Amended Complaint also refers in passing to the First Amendment, which applies to the states through the Fourteenth Amendment. The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press, or the right of the people to peaceably to assemble, and to petition the Government for a redress of grievances." Although it is far from clear, Moore alleges no issue based on his religion. Instead, he refers only to his First

11 - FINDINGS AND RECOMMENDATION

Amendment right to be "free of dominion." Thus, he appears to base his claim on an abridgment of his freedom of speech or right to petition the government for a redress of grievances. Based on a careful reading of both the original Complaint and Amended Complaint, this court is at a loss to ascertain what Moore believes has been done to abridge or impermissibly burden any of his rights under the First Amendment. Thus, he fails to implicate any First Amendment concerns.

### B. Failure to Allege Actions Taken Under Color of State Law

Even if Moore alleges a violation of a constitutional right for purposes of stating a claim, he has not, nor can he, satisfy the remaining requirement of § 1983 that defendants be state actors.

The City is a municipal entity that may be held liable as a state actor. However, Moore has not alleged that the City took any action other than to enact and enforce its parking ordinance against him. As explained above, that is an insufficient allegation to assert the deprivation of a liberty interest for the purpose of stating a due process claim and insufficient to assert the deprivation of a constitutional right guaranteed by the Equal Protection Clause. Moore alleges no other basis for a claim against the City.

That leaves the individual defendants, George and Carol Langlois, and the Tillamook Apartments, Inc. The Langloises are private parties who apparently operate several businesses in Astoria, Oregon. For purposes of section 1983, "private parties are not generally acting under color of state law." *Price v. Hawaii*, 939 F2d 702, 707-08 (9th Cir 1991), *cert denied*, 503 US 938 (1992). While "a claim may lie against a private party who is a willful participant in joint action with the State or its agents," a "bare allegation of such joint action" will not suffice to avoid dismissal. *Dietrich v. John Ascuaga's Nugget*, 548 F3d 892, 900 (9th Cir 2008) (internal

quote marks and citations omitted). Here, Moore has made only the most conclusory of assertions about the "conspiracy" between the Langloises and the City. He has wholly failed to allege facts tending to show that the Langloises were acting under color of state law or authority. Such bare allegations are insufficient. *See DeGrassi v. City of Glendora*, 207 F3d 636, 647 (9th Cir 2000).

Thus, Moore fails to allege a viable claim for violation of any constitutional right. As a result, this court has no subject matter jurisdiction based on a federal question. Even though Moore may have other claims based on violations of state law, none of those claims provide a basis for this court's jurisdiction. If justice is to be served, it cannot be served in this court. Instead, Moore must look to the state courts for justice.

///

///

///

///

///

///

///

///

///

///

///

///

13 - FINDINGS AND RECOMMENDATION

## RECOMMENDATION

Because Moore fails to state any claim based on a federal question for which relief may be granted, this case should be dismissed for lack of subject matter jurisdiction. Moreover, the dismissal should be without further leave to amend. As evidenced by Moore's Complaint and the failure of his Amended Complaint to address the jurisdictional issues previously identified by this court, any amendment would be futile. *Lopez v. Smith,* 203 F.3d 1122, 1128 (9th Cir 2000) (dismissal of a *pro se* complaint for failure to state a claim is proper where amendment would be futile).

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due October 23, 2009. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED this 5th day of October, 2009.

    /s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge