FILED'09 NOV 10 15:47 USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

C. EDWARD MOORE,

        Plaintiff,

        v.

GEORGE AND CAROL LANGLOIS, A/O
TILLAMOOK APARTMENTS, INC.; and CITY
OF TILLAMOOK,

        Defendants.

Civil No. 09-793-ST

ORDER

HAGGERTY, District Judge:

Magistrate Judge Stewart issued a Findings and Recommendation [11] recommending that this case be dismissed with prejudice for lack of subject matter jurisdiction and failure to state a claim. Objections to portions of the Findings and Recommendation were filed by plaintiff. The matter was then referred to this court for review.

When a party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Plaintiff filed objections in a timely manner. The court has given the file of this case a *de novo* review, carefully reviewing the Findings and Recommendation, plaintiff's objections, and the Record of the case.

1 -- ORDER

## **BACKGROUND**

Magistrate Judge Stewart provided a thorough analysis of the circumstances presented in plaintiff's Amended Complaint as well as his original Complaint. The factual background – supplemented by plaintiff's assertions made in his Objections – need be only summarized here. Plaintiff alleges that he leased an apartment in Tillamook, Oregon, from co-defendants George and Carol Langlois in May, 2007. The relationship between plaintiff and these co-defendants deteriorated after confrontations involving plaintiff's alleged parking violations and water damage in the apartment.

The Magistrate Judge scrutinized plaintiff's Amended Complaint, identifying plaintiff's claims under the Fourteenth Amendment to the United States Constitution for "takings" (disputing the calculation of the security deposit required by co-defendants and challenging a rent increase). Findings and Recommendation at 2, citing Am. Comp., pp. 1-2.

The Findings and Recommendation also acknowledged that plaintiff "alleges a violation of his liberty interest and a denial of equal protection because tenants of the Tillamook Apartments are not allowed to park their vehicles during the daytime on the block of Pacific Street on which the apartment is located." Findings and Recommendation at 3, citing Am. Comp., pp. 3-4. The Findings and Recommendation noted that plaintiff asserts he signed his lease under duress, and that plaintiff referred to provisions of the Uniform Commercial Code and portions of the First, Ninth and Tenth Amendments. Findings and Recommendation at 4, citing Am. Comp., pp. 3-5.

## **ANALYSIS**

The Findings and Recommendation evaluated whether this court is empowered to hear plaintiff's claims. The proper standards for this evaluation were considered, and need not be

2 -- ORDER

reviewed again. Findings and Recommendation at 4-6. The Magistrate Judge concluded that an "examination of the pleadings reveal that jurisdiction is lacking for failure to allege a cognizable federal claim." Findings and Recommendation at 6. After a thorough and searching scrutiny of plaintiff's claims, the Findings and Recommendation determined that plaintiff "fails to state any claim based on a federal question for which relief may be granted" and that "this case should be dismissed for lack of subject matter jurisdiction." Findings and Recommendation at 14.

Plaintiff's Objections contend that the Magistrate Judge ignored plaintiff's allegations that he signed his lease under duress, erred in correctly reciting plaintiff's allegations regarding statements made by George Langois, erred in her analysis of plaintiff's claims regarding parking issues, and made numerous specific errors throughout the Findings and Recommendation.

After considering these objections and scrutinizing the record, this court finds that the reasoning of the Findings and Recommendation is sound and warrants adoption. Accepting the undisputed facts, and viewing the disputed facts in a light favorable to plaintiff, it is clear that this court lacks subject matter jurisdiction. Plaintiff's Objections fail to refute this proper conclusion.

Viewing plaintiff's arguments liberally, he supports federal jurisdiction by asserting that his Due Process Clause violation claim "is grounded in the Fact that the City's favoritism to property owners and Shopkeepers is a direct reversal of how Resident Parking Is handled in all locales Moore is personally familiar with." Objections at 4. Plaintiff's comparisons to other municipalities' parking policies provide no basis for a due process claim or for federal jurisdiction. Similarly, plaintiff's reiteration that he believes that the parking policy at issue is "a sort of second hand give-away to property owners" fails to create a valid Equal Protection claim

and does not establish federal jurisdiction. Objections at 4-5. Plaintiff's invocation of the Ninth Amendment also fails to establish that this court must, or can, exercise federal jurisdiction.

Assuming, without deciding, that plaintiff has offered accurate amendments or proper corrections to the Magistrate Judge's studious effort to liberally interpret plaintiff's pleadings and identify his claims, none of the alleged errors and none of the proposed corrections can refute the Findings and Recommendation's sound conclusion – that plaintiff's Amended Complaint fails to state any claim based on a federal question for which relief may be granted, and that this case must be dismissed for lack of subject matter jurisdiction. Moreover, the Findings and Recommendation properly concluded that this dismissal should be without further leave to amend. Plaintiff's efforts in his initial Complaint and in his Amended Complaint establish that the proper forum for the challenges he raises is a state court.

## CONCLUSION

For the reasons provided herein, the Findings and Recommendation [11] is ADOPTED. Plaintiff fails to allege a viable claim for violation of any constitutional right. This court has no subject matter jurisdiction based on a federal question. This court expresses no opinion regarding the validity of plaintiff's claims beyond the evident conclusion that none of those claims provides a basis for this court's exercise of jurisdiction. This action is dismissed. This dismissal is ordered with prejudice, and without further leave to amend.

IT IS SO ORDERED.

Dated this __10__ day of November, 2009.

Ancer L. Haggerty
United States District Judge